**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Jamie Wilson Drescher, | Case No. 2:24-cv-00684-RMG |
| Plaintiff, | |
| v. | |
| Sodexo Operations, LLC and Shayla Belin, | **ORDER AND OPINION** |
| Defendants. | |

This matter is before the Court on Plaintiff's motion to remand. (Dkt. No. 17). Defendants responded in opposition. (Dkt. No. 19). For the reasons set forth below, the Court grants Plaintiff's motion.

**I.   Background**

Plaintiff alleges that on March 22, 2021 she slipped and fell on a puddle of water left over from mopping at Waccamaw Community Hospital, where she works. (Dkt. No. 10, ¶ 5). Defendant Sodexo provides staffing for janitorial services at the hospital and Defendant Belin, an employe of Defendant Sodexo, allegedly mopped the floor and left the puddle in the area where Plaintiff was working. (*Id.*, ¶¶ 4, 5). Plaintiff alleges that Defendant Belin did not provide notice that the area had been mopped and failed to exercise due care expected of a person in like circumstances. (*Id.*, ¶¶ 5 7).

Based on these allegations, Plaintiff sued Defendant Sodexo in state court for negligence. Defendant Sodexo removed the case to this Court. (*Id.* at 1). Initially, Plaintiff did not name Defendant Belin in the state court complaint because Plaintiff was unable to identify the person mopping the floor prior to the suit. (Dkt. No. 8 at 1). Plaintiff, with Defendant Sodexo's consent, filed a motion to amend her complaint adding Defendant Belin. (Dkt. No. 8 at 1-2). The Court

granted the motion to amend (Dkt. No. 9), and Plaintiff filed an amended Complaint asserting a negligence cause of action against Defendant Belin (Dkt. No. 10).

Plaintiff, a citizen of South Carolina, now moves to remand this case to state court. (Dkt. No. 17). Plaintiff argues that diversity jurisdiction does not exist because Defendant Belin is also a South Carolina citizen. (*Id.* at 3). Defendants, in their response in opposition, argue that Plaintiff's motion for remand should be denied because Defendant Belin was fraudulently joined and should be dismissed and disregarded for jurisdictional purposes. (Dkt. No. 19 at 2-7). The matter is now ripe for the Court's review.

## II.    Standard

The fraudulent joinder doctrine "effectively permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Johnson v. Am. Towers, LLC*, 781 F.3d 693, 704 (4th Cir. 2015) (quotations omitted). To establish that a nondiverse defendant has been fraudulently joined, the removing party must establish either: (1) that there has been outright fraud in the plaintiff's pleading of jurisdictional facts or (2) that there is no possibility that the plaintiff would be able to establish a cause of action against the in-state defendant in state court. *E.g.*, *Johnson*, 781 F.3d at 704; *Marshall v. Manville Sales Corp.*, 6 F.3d 229, 232 (4th Cir. 1993). This is a heavy burden. *Johnson*, 781 F.3d at 704.

Under the second method, the defendant must show the plaintiff cannot establish a claim against the nondiverse defendant "even after resolving all issues of law and fact in the plaintiff's favor." *Id.* The standard "is even more favorable to the plaintiff than the standard for ruling on a motion to dismiss under Fed. R. Civ. P. 12(b)(6)." *Id.* (quotations marks omitted). "[T]here need be only a slight possibility of a right to relief to defeat a claim of fraudulent joinder." *Mayes v.*

*Rapoport*, 198 F.3d 457, 466 (4th Cir. 1999) (internal quotation marks omitted). In determining whether a joinder is fraudulent, the court "is not bound by the allegations of the pleadings, but may instead consider the entire record, and determine the basis of joinder by any means available." *Id.* at 464.

**III.   Discussion**

Defendants have not alleged that Plaintiff engaged in outright fraud in joining Defendant Belin. Instead, Defendants argue that there is no possibility that Plaintiff can state a claim against Defendant Belin because Defendant Belin did not owe Plaintiff a duty that would subject her to being personally liable for premises liability.

To bring a successful negligence, a plaintiff must demonstrate that (1) the defendant owed her a duty of care, (2) the defendant breached this duty, (3) the breach proximately caused the plaintiff's injuries, and (4) the plaintiff suffered an injury. *Dorrell v. S.C. Dep't of Transp.*, 361 S.C. 312 (2004). "A property owner owes an invitee or business visitor the duty of exercising reasonable or ordinary care for his safety and is liable for injuries resulting from any breach of such duty." *Sides v. Greenville Hosp. Sys.*, 607 S.E.2d 362, 364 (S.C. Ct. App. 2004). Generally, property owners only have a duty to warn invitees of "latent or hidden dangers of which the property owner has or should have knowledge," and are not obligated to warn others of "open and obvious conditions." *Id.* A non-owner who otherwise operates the premises may also have a duty of care. *Dunbar v. Charleston & W.C. Ry. Co.*, 44 S.E.2d 314, 317 (S.C. 1947). "In considering whether an individual has exercised such control of the premises so as to impose a duty to reasonably inspect the premises, a court will generally consider the individual's power or authority to manage ... or oversee the management of the property." *Benjamin v. Wal-Mart Stores Inc.*, 413 F.Supp.2d 652, 656–57 (2006).

Defendants rely heavily on another fraudulent joinder, slip-and-fall case, *Benjamin*, to argue that South Carolina negligence law does not create an affirmative duty to maintain safe premises of a store merely by virtue of being an employee because "[t]o hold otherwise would expose lower management . . . to burdensome personal liability every time an individual is injured within a store." *Benjamin*, 413 F.Supp.2d at 657. Plaintiff in *Benjamin* alleged that, due to the negligence of the defendants, she slipped and fell on some bird seed lying on the floor of the pet department at a Wal-Mart. *Id.* at 654. The plaintiff named the pet department manager, who was non-diverse, as a defendant. *Id.* The court dismissed the non-diverse defendant and found that the department manager had been fraudulently joined because the plaintiff failed to allege any facts suggesting that the department manager "exerted a level of control over the premises unusual for an employee or department manager." *Id.* at 657. The court reasoned that "[o]ne does not have an affirmative duty to maintain safe premises of a store merely by virtue of being an employee, absent some evidence of more substantial level of control over the business." *Id.* at 656.

This Court finds *Benjamin* distinguishable to the present case. Plaintiff here does not allege that Defendant Belin should be held liable for merely for being an employee of Defendant Sodexo. Plaintiff, instead, alleges that Defendant Belin created the danger when she left a puddle from mopping and failed to provide notice that the area had been mopped. In fact, Plaintiff only pleads premises liability as to Defendant Sodexo. (Dkt. No. 10, ¶ 8). Her cause of action against Defendant Belin alleges that Defendant Belin was negligent for (1) mopping in a high traffic area without providing notice; (2) causing and permitting the area to be hazardous and unsafe; (3) failing to warn Plaintiff of the dangerous or hazardous condition when she knew, or should have known, of the dangerous or hazardous condition; (4) failing to provide any signs or warning signs to the Plaintiff of the dangerous or hazardous condition; (5) failing to place sings in a conspicuous

4

manner and in a conspicuous place to warn the Plaintiff of the dangerous or hazardous condition existing; and (6) failing to use that degree of skill and care that an ordinary and reasonable person would have done under similar and like circumstances. These allegations do not place an affirmative duty on Defendant Belin to maintain a safe premises merely by virtue of being an employee. The allegations place a duty on Defendant Belin to use ordinary and reasonable care in mopping the floor. Accordingly, Plaintiff has pled a possible claim for negligence.

Defendants also argue that Plaintiff's delay in naming Defendant Belin is indicative of using Defendant Belin as a sham defendant to defeat diversity. The Court rejects this argument because Defendant Sodexo, in consenting to Plaintiff's motion to amend her complaint, certified to the Court that Plaintiff was unable to identify the person mopping the floor prior to filing suit. Additionally, the Court finds that Plaintiff did not act in a dilatory manor because she amended her Complaint a little more than a month after the case was removed to federal court.

## IV. Conclusion

For the reasons set forth above, the court **GRANTS** the motion to remand. This case is **REMANDED** to the Georgetown County Court of Common Pleas.

**AND IT IS SO ORDERED.**

                                              _s/ Richard Mark Gergel_
                                              Richard Mark Gergel
                                              United States District Judge

April 12, 2024
Charleston, South Carolina